**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDER F. HOTTES, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 24-cv-3793 |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| JOSE BARAJAS, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Alexander F. Hottes, represented by his attorneys Ed Fox & Associates, Ltd., brings this complaint against Defendant Jose Barajas, alleging as follows:

## JURISDICTION AND VENUE

1.      This action is based on the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).

2.      Jurisdiction for this case is conferred upon this Court under 28 U.S.C. Sections 1343, 1331, and 1367.

3.      The venue is founded in this Judicial Court upon 28 U.S.C. Section 1391, as the acts in question occurred within this district.

## PARTIES

4.      Plaintiff Alexander F. Hottes ("Plaintiff") was a citizen of the United States and was within the jurisdiction of this Court.

5.      Defendant Jose Barajas, Star No. 232, ("Defendant") was a police officer in the Village of Lyons Police Department.

6.      Defendant acted under the color of law and within the scope of his employment. Defendant is being sued in his individual capacity.

## FACTUAL ALLEGATIONS

7. On or about November 29, 2022, Plaintiff was lawfully observing Christmas decorations.

8. Defendant placed Plaintiff in handcuffs and into his police vehicle.

9. There was no legal cause to place Plaintiff in handcuffs or into a police vehicle.

10. Defendant searched Plaintiff's vehicle.

11. There was no legal cause to search Plaintiff's vehicle.

12. Defendant charged Plaintiff with multiple violations of the law.

13. There was no legal cause to charge Plaintiff with any violations of the law.

14. On October 17, 2023, all charges against Plaintiff were dismissed after the state court determined there was no legal cause to stop him.

15. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

16. The actions and/or omissions mentioned above by Defendant were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

17. Because of the actions and/or omissions mentioned above by Defendant, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to him in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiff requests payment by Defendant of a reasonable sum for attorneys' fees under 42 U.S.C. Section 1988 or any other provision set by law.

## COUNT I

2

## DETENTION IN VIOLATION OF THE FOURTH AMENDMENT

18. Plaintiff hereby incorporates and realleges paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

19. Defendant deprived Plaintiff of his rights secured to him by the Fourth Amendment to the Constitution of the United States.

20. Defendant detained Plaintiff without legal cause.

21. The foregoing was unnecessary, unreasonable, and excessive.

22. As a result, Plaintiff was injured emotionally, financially, and otherwise.

23. Therefore, Defendant is liable pursuant to 42 U.S.C. § 1983.

## COUNT II
## UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT

24. Plaintiff hereby incorporates and realleges paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

25. Defendant deprived Plaintiff of his right secured to him by the Fourth Amendment to the Constitution of the United States.

26. Defendant searched Plaintiff's vehicle without legal cause.

27. The foregoing was unnecessary, unreasonable, and excessive.

28. As a result, Plaintiff was injured emotionally, financially, and otherwise.

29. Therefore, Defendant is liable pursuant to 42 U.S.C. § 1983.

For the foregoing reasons, Plaintiff requests judgment as follows:

1. Defendant pay general damages, including emotional distress, in a sum to be ascertained;

2. Defendant pay special damages;

3. Defendant pay attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code or any other applicable laws;

3

4.         Defendant pay punitive and exemplary damages in a sum to be ascertained;

5.         Defendant pay costs of the suit herein incurred; and

6.         Plaintiff have such other and further relief as this Court may deem just and proper.

Dated: May 9, 2024

<div style="margin-left:50%">

Respectfully submitted,

s/Peter T. Sadelski
Peter T. Sadelski
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com
efox@efoxlaw.com
Attorneys for Plaintiffs

</div>

## PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY

<div style="margin-left:50%">

s/Peter T. Sadelski
Peter T. Sadelski
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com
efox@efoxlaw.com
Attorneys for Plaintiffs

</div>